IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02569-WDM-MEH

ANTONIO LOZAYA,
a/k/a Christian Negrete,

    Plaintiff,

v.

GARROU CONSTRUCTION, INC.,
a Colorado corporation,

    Defendant.

---

## ORDER

---

Before the Court is Defendant's Motion for Leave to File Motion for Summary Judgment (Docket #37). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1, this motion has been referred to this Court for resolution. For the reasons stated below, the Court **denies** the Motion for Leave, without prejudice.

**I.**  **Factual and Procedural Background**

This case arises out of the injuries sustained by Plaintiff while delivering roofing supplies to Defendant's work site. Plaintiff claims that his injuries resulted from the negligence of Defendant.

A Scheduling Order was issued in this case on April 6, 2005, setting the course of litigation and all applicable deadlines. The discovery cutoff was July 31, 2005, and the dispositive motion deadline was October 1, 2005. On January 18, 2006, Defendant filed a Motion for Summary Judgment (*i.e.*, more than three months after the deadline) without seeking leave of the Court. Plaintiff responded by asking the Court to strike this untimely motion, which United States District

Judge Walker D. Miller did on February 17, 2006. Judge Miller pointed out that Defendant did not seek leave of the Court before violating the deadline established in the Scheduling Order. Defendant then filed its Motion for Leave to File a Motion for Summary Judgement on March 27, 2006. The matter being fully briefed is ripe for decision.

## II.     Discussion

### A.     Legal Standard for Amending the Scheduling Order

Allowing a motion for summary judgment after the dispositive motion deadline set in the Scheduling Order requires the Court to amend the Scheduling Order and establish a new deadline for dispositive motions. A scheduling order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.*

Nevertheless, while the scheduling order guides the subsequent course of the case, "'total inflexibility is undesirable.'" *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence, or excusable neglect. *Id.* However, the Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citations omitted).

**B.    Analysis**

Defendant argues that leave should be granted because trial is not scheduled until November 13, 2006. Defendant asserts that a dispositive motion deadline over one year before the trial date "unfairly suspended the applicability of dispositive case law well in advance of the actual trial date." (Dock. #37, ¶7.) In response, Plaintiff argues that Defendant has failed to establish good cause for amending the Scheduling Order.[1] Defendant's Reply argues that providing the Court with "the opportunity to dispose of this matter without the need for trial and, thereby, shorten[ing] the involvement of the Court and the parties in this matter" constitutes good cause. (Dock. #41, ¶ 4.)

In this case, Defendant proffers no explanation for its delay under Rule 16(b) and has, therefore, not established good cause to amend the Scheduling Order. In fact, the words "good cause" never appear in Defendant's Motion but only in its Reply to Plaintiff's argument. Even so, Defendant relies on (1) the time remaining before trial as its rationale for this Motion, even though Defendant did have 60 days after the close of discovery to file a dispositive motion under the Scheduling Order, and (2) the importance and efficiency of summary judgment motions. While the time remaining for trial may support a finding that Plaintiff will not be prejudiced by this amendment to the Scheduling Order, it does not address the appropriate standard that this Court must apply to Defendant's Motion, namely any reason, even inadvertence or excusable neglect, why Defendant failed to meet the Court's initial deadline for dispositive motions. Defendant may be able to establish,

---

[1] It is somewhat troubling to the Court that Plaintiff objects to Defendant's Motion as untimely when, in fact, Plaintiff's Response to this Motion was filed untimely and without explanation or any motion for leave to file out of time. The Court directed Plaintiff's Response to be filed no later than April 3, 2006. (Dock. #39.) Plaintiff filed his Response on April 6, 2006. The Court need not consider this untimely filing in the instant matter because Plaintiff does not raise any arguments that are contradicted by Defendant insofar as Defendant fails to even allege good cause to amend the Scheduling Order under Rule 16(b)'s standard for good cause.

under the guidelines addressed above, that good cause does exist in this case. However, because Defendant has not alleged nor provided good cause under Rule 16(b), the Court will **deny** Defendant's Motion for Leave to File Motion for Summary Judgment without prejudice.

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion for Leave to File Motion for Summary Judgment [Filed March 27, 2006; Docket #37] be **denied** without prejudice.

Dated at Denver, Colorado, this 17th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge