IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02569-WDM-MEH

ANTONIO LOZAYA,
a/k/a Christian Negrete,

    Plaintiff,

v.

GARROU CONSTRUCTION, INC.,
a Colorado corporation,

    Defendant.

_____

**ORDER ON DEFENDANTS' MOTION TO STRIKE STIPULATION
FROM FINAL PRETRIAL ORDER (AMENDED)**
_____

In this personal injury case, Defendant has moved to strike [Docket #43] an undisputed fact to which it agreed in the Amended Final Pretrial Order dated February 2, 2006 [Docket #30]. This motion has been referred to this Court for resolution [Docket #44]. Oral argument would not materially assist the Court in adjudicating this Motion. For the reasons stated below, the Court **grants** the Motion.

**I.**     **Factual Background**

Defendant seeks to withdraw a fact to which it stipulated in the Amended Final Pretrial Order. That fact was, specifically, "While making the delivery to Defendant, Plaintiff stepped on a piece of plywood located on the roof, slid off the roof, and sustained serious and permanent physical injuries." Defendant argues that this statement contradicts the anticipated testimony of Mr. Folmer, who has been designated as a non-party at fault and is designated as a witness by both parties. Mr. Fulmer constructed the decking on the roof and is expected to testify that he never saw Plaintiff on the roof.

He will also deny leaving any wood on the roof. Although Defendant stipulated to the fact stated above, Defendant claims this fact was based solely on the statements made by Plaintiff. It now contends that such a stipulation will confuse and prejudice the jury against Mr. Fulmer's testimony and require the jury to disregard the statements of Plaintiff's own witness.

**II.     Discussion**

   **A.     Law Governing Amendment of the Pretrial Order**

The Final Pretrial Order is the "controlling document for trial." *Expertise, Inc. v. Aetna Finance Co.*, 810 F.2d 968, 973 (10th Cir. 1987). To amend the Final Pretrial Order, Defendant bears the burden of proving that this amendment is necessary to prevent manifest injustice. Fed. R. Civ. P 16(e). "Because the issues and defenses of the lawsuit are defined by the terms of the order, total inflexibility is undesirable." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). The decision to amend the Pretrial Order lies soundly within the discretion of the trial court. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

   **B.     Manifest Injustice**

Although the law and this Court encourage cooperation among the parties to narrow the issues for trial, and stipulations of fact certainly play a central role in such efforts, the Court does not believe that it should rigidly bind a party to what appears to be a mistaken stipulation, especially in the absence of prejudice to the opposing party (and none is alleged here).

The Tenth Circuit has had this to say with regard to fact stipulations:

> A stipulation is an admission "which cannot be disregarded or set aside at will." *Lyles v. American Hoist & Derrick Co.,* 614 F.2d 691, 694 (10th Cir. 1980); *Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 510 (10th Cir. 1978); *Stubblefield v. Johnson-Fagg, Inc.,* 379 F.2d 270, 272 (10th Cir.1967). Stipulations are not absolute, however, and may be withdrawn whenever necessary to prevent manifest

> injustice. *United States v. Montgomery,* 620 F.2d 753, 757 (10th Cir. 1980). *Cf. Vallejos,* 583 F.2d at 510-11 (holding party to stipulation where no manifest injustice would result). District courts consequently are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside. *Morrison v. Genuine Parts Co.,* 828 F.2d 708, 709 (11th Cir. 1987), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1025, 98 L.Ed.2d 990 (1988).

*Wheeler v. John Deere Co.*, 935 F.2d 1090, 1097-98 (10th Cir. 1991). The Court believes that granting the current motion is necessary to prevent manifest injustice. The issues of whether Plaintiff was on the roof that day and whether any pieces of plywood were left on the roof are central to any trial in this case. Based on the anticipated testimony at trial and the Court's understanding of the issues in this case, the Court believes that justice requires the parties to be free to attempt to introduce evidence on both sides of the issue of causation, without the burden of a formal, now non-stipulated stipulation.

### III. Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendant's Motion to Strike Stipulation from Final Pre-trial Order (Amended) [Filed July 24, 2006; Docket #43] is **granted**, and the Amended Final Pretrial Order is modified to exclude the ninth undisputed fact.

Dated at Denver, Colorado, this 10th day of August, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge